13 Cal.Rptr.3d 786 (2004)
90 P.3d 746
32 Cal.4th 1287
In re S.B. et al., Persons Coming Under the Juvenile Court Law.
Los Angeles County Department of Children and Family Services, Plaintiff and Respondent,
v.
S.M., Defendant and Appellant.
No. S112260.
Supreme Court of California.
May 27, 2004.
Kathleen Murphy Mallinger, under appointment by the Supreme Court, for Defendant and Appellant.
Lloyd W. Pellman, County Counsel, Sterling Honea, Principal Deputy County Counsel, and Gary P. Gross, Deputy County Counsel, for Plaintiff and Respondent.
Ann Miller Ravel, County Counsel (Santa Clara) and Charles W. Nickell, Deputy County Counsel, for Santa Clara County *788 Department of Family and Children's Services as Amicus Curiae on behalf of Plaintiff and Respondent.
William Wesley Patton for Whittier Law School Legal Policy Clinic as Amicus Curiae.
*787 KENNARD, J.
At a permanent plan hearing in a juvenile dependency matter (Welf. & Inst.Code, § 366.26),[1] the court appointed legal guardians for the minor, S.B. and, without objection from the mother, ordered that visitation between the two be determined by the legal guardians. We address two issues: (1) whether, by not objecting to the visitation order, the mother forfeited her right to challenge that order on appeal; and (2) whether the court erred in having the legal guardians determine the question of visitation.
We hold that the mother's failure to challenge the visitation order in juvenile court did not preclude the Court of Appeal from considering the issue on appeal, and that the juvenile court can under current law delegate to a legal guardian the decision whether to allow parental visitation.

I
In November 1999, the Los Angeles County Department of Children and Family Services (Department) took custody of S.B., then 11 years old, and her half brother, J.M., then 7 years old. The Department filed a dependency petition under section 300 alleging that the children came within the jurisdiction of the juvenile court. The petition alleged, among other things, that the children's mother failed to ensure that the children attended school, that because of her emotional problems she did not provide the children with the basic necessities of life, and that she was unable to care regularly for the children. The petition further alleged that the identity and whereabouts of the children's fathers were unknown. This appeal concerns only the minor S.B.
At the initial detention hearing (§ 319), the juvenile court ordered the Department to detain the two children and to monitor visits with the mother. The court appointed separate counsel for the children and the mother. At the jurisdictional hearing (§ 345 et seq.), the court sustained the petition; it appointed psychologist Steve Ambrose to evaluate the children and their mother.
At the dispositional hearing (§ 358), the court found that removal of the children from the mother's custody was necessary to protect them from substantial danger to their physical health, and that they were suffering severe emotional damage. It declared the children dependents of the court, placed them in the care of the Department for suitable placement, and ordered the Department to provide family reunification services. The Department placed the two children in separate foster homes.
Reunification services were not successful. The mother canceled some of the Department-supervised visits with the children, and she was late for many others. When she did visit, she verbally abused S.B. The court-appointed psychologist concluded that the mother suffered from a "debilitating mental illness that significantly impaired her ability to cooperate with a reunification case plan and to provide a stable home life for her children."
On July 27, 2001, the juvenile court terminated reunification services and scheduled a permanent plan hearing. (§ 366.26.) *789 At that hearing, the mother was represented by counsel. Although the mother was in the courthouse, she did not appear at the hearing. The court did not terminate the mother's parental rights, but it did appoint S.B.'s foster parents as her legal guardians. Without objection from the mother's attorney, the court ordered the legal guardians to make all decisions concerning parental visits between S.B. and her mother. On appeal, the mother challenged that order, contending that the issue of visitation could be determined only by the juvenile court, not the legal guardians.
A divided Court of Appeal reversed and remanded the case to the juvenile court, directing it to comply with the statutory language of either ordering visitation with guidance as to the time, place, and manner of visits; or denying visitation because of the detrimental effect on the child's physical or emotional well-being.
We granted the Department's petition for review challenging the Court of Appeal's holding that the juvenile court erred in leaving it to the minor's legal guardians to determine visitation, if any, between S.B. and her mother. Our order granting review directed the parties to brief the additional issue whether the mother could challenge on appeal the juvenile court's order notwithstanding her failure to object in the juvenile court. While this case was pending before this court, the Legislature amended the controlling statute, section 366.26, subdivision (c)(4), effective January 1, 2004. At this court's request, the parties filed supplemental briefs addressing the effect, if any, of the amendment.

II
The Department contends that the failure of S.B.'s mother to object to the juvenile court's order granting the legal guardians the authority to determine visitation precluded the Court of Appeal from considering that issue. We disagree.
It is true that, as the Department contends, a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. (People v. Saunders (1993) 5 Cal.4th 580, 589-590, 20 Cal.Rptr.2d 638, 853 P.2d 1093.)[2] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. (Saunders, at p. 590, 20 Cal.Rptr.2d 638, 853 P.2d 1093.)
Dependency matters are not exempt from this rule. (See, e.g., In re Dakota S. (2000) 85 Cal.App.4th 494, 502, 102 Cal.Rptr.2d 196 [failure to obtain supervising agency's assessment of prospective guardian under § 366.22, subd. (b)]; In re Lorenzo C. (1997) 54 Cal.App.4th 1330, 1338-1339, 63 Cal.Rptr.2d 562 [failure to request court to order bonding study]; In re Kevin S. (1996) 41 Cal.App.4th 882, 885-886, 48 Cal.Rptr.2d 763 [failure to challenge setting of § 366.26 permanency planning hearing when court determined that no reasonable reunification efforts were made].)
But application of the forfeiture rule is not automatic. (Hale v. Morgan (1978) 22 Cal.3d 388, 394, 149 Cal.Rptr. 375, 584 P.2d 512; see People v. Williams *790 (1998) 17 Cal.4th 148, 161, fn. 6, 69 Cal.Rptr.2d 917, 948 P.2d 429 [party's failure to object in trial court does not deprive appellate court of authority].) But the appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue. (See Canaan v. Abdelnour (1985) 40 Cal.3d 703, 722, fn. 17, 221 Cal.Rptr. 468, 710 P.2d 268; Hale v. Morgan, supra, at p. 394, 149 Cal.Rptr. 375, 584 P.2d 512.) Although an appellate court's discretion to consider forfeited claims extends to dependency cases (Rosa S. v. Superior Court (2002) 100 Cal.App.4th 1181, 1188, 122 Cal.Rptr.2d 866; Renee J. v. Superior Court (2002) 96 Cal.App.4th 1450, 1459, 118 Cal.Rptr.2d 118), the discretion must be exercised with special care in such matters. "Dependency proceedings in the juvenile court are special proceedings with their own set of rules, governed, in general, by the Welfare and Institutions Code." (In re Chantal S. (1996) 13 Cal.4th 196, 200, 51 Cal.Rptr.2d 866, 913 P.2d 1075.) Because these proceedings involve the well-being of children, considerations such as permanency and stability are of paramount importance. (§ 366.26.)
The Court of Appeal majority here did not abuse its discretion in entertaining the mother's challenge to the visitation order notwithstanding her failure to object to it in the juvenile court. The appeal presented an important issue of law: whether a juvenile court in a dependency case may delegate to the child's legal guardian the authority to decide whether a parent may visit the child, a question that has divided the Courts of Appeal. Moreover, because the juvenile court here had neither allowed nor prohibited visitation, but instead had delegated to the legal guardians the authority to either allow or prohibit visitation, an appellate determination on the validity of that delegation would add certainty and stability to the child's visitation.

III
At the time of the juvenile court proceedings in this case, former section 366.26, subdivision (c)(4) (hereafter former section 366.26(c)(4)) provided in relevant part: "If the court finds that adoption of the child or termination of parental rights is not in the best interest of the child ... the court shall either order that the present caretakers or other appropriate persons shall become legal guardians of the child or order that the child remain in long-term foster care.... The court shall also make an order for visitation with the parents or guardians unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." (Italics added.)
The italicized sentence had been construed by the Courts of Appeal in In re Jasmine P. (2001) 91 Cal.App.4th 617, 110 Cal.Rptr.2d 562 (Jasmine P.) and in In re Randalynne G. (2002) 97 Cal.App.4th 1156, 118 Cal.Rptr.2d 880 (Randalynne G.), with conflicting interpretations. Jasmine P. held that the juvenile court could delegate to a legal guardian the issue of visitation between parent and child. In the court's words: "[W]here the child is left in long-term foster care and not in a legal guardianship, then the juvenile court shall order visitation with the parents or guardians unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." (91 Cal.App.4th at p. 621, 110 Cal.Rptr.2d 562, original italics.) The section 366.26 hearing in this case occurred on November 27, 2001; the Court of Appeal's decision in Jasmine P. was filed on July 12, 2001. Here, in leaving to the minor's appointed guardians the determination of visitation between the minor and her mother, the juvenile court's *791 ruling was in accord with the Jasmine P. decision.
After the permanent plan hearing in this case, the Court of Appeal in Randalynne G., supra, 97 Cal.App.4th 1156, 118 Cal.Rptr.2d 880, disagreed with the holding of Jasmine P., supra, 91 Cal.App.4th 617, 110 Cal.Rptr.2d 562. It held that the juvenile court in a dependency proceeding may not delegate to a minor's legal guardian the issue of visitation between child and parent. The Court of Appeal here followed Randalynne G.
The statutory language directing the juvenile court to determine visitation between parent and child, which was construed by the Courts of Appeal in Jasmine P., supra, 91 Cal.App.4th 617, 110 Cal.Rptr.2d 562, in Randalynne G., supra, 97 Cal.App.4th 1156, 118 Cal.Rptr.2d 880, and on appeal in this case, came at the end of a long paragraph concerning both legal guardianships and long-term foster care placements. This created uncertainty as to whether the statutory mandate that only the juvenile court, not the legal guardian, determine the issue of visitation applied solely to foster care or to both foster care and legal guardianships. Not surprisingly, this ambiguity has led to different interpretations of the statutory language in the Courts of Appeal.
The ambiguity has now been eliminated by a statutory amendment that took effect on January 1, 2004, while this case was pending before us. (Stats.2003, ch. 813, § 7.) Whereas former section 366.26(c)(4) comprised a long paragraph lumping together legal guardianships and foster care placements, the amended version deals with these two subjects in two separate paragraphs, designated section 366.26(c)(4)(A) and (B).
Section 366.26 (c)(4)(A), which pertains to legal guardianships, provides: "If the court finds that adoption of the child or termination of parental rights is not in the best interest of the child, because one of the conditions in subparagraph (A), (B), (C), (D), or (E) of paragraph (1) or in paragraph (2) applies, the court shall either order that the present caretakers or other appropriate persons shall become legal guardians of the child or order that the child remain in long-term foster care. Legal guardianship shall be considered before long-term foster care, if it is in the best interests of the child and if a suitable guardian can be found. A child who is 10 years of age or older who is placed in a group home shall be asked to identify any individuals who are important to the child to identify potential guardians. The agency may ask any child who is younger than 10 years of age to provide that information, as appropriate."
Section 366.26 (c)(4)(B), which concerns foster care placements, says: "If the child is living with a relative or foster parent who is willing and capable of providing a stable and permanent environment, but not willing to become a legal guardian, the child shall not be removed from the home if the court finds the removal would be seriously detrimental to the emotional well-being of the child because the child has substantial psychological ties to the relative caretaker or foster parents. The court shall also make an order for visitation with the parents or guardians unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." (Italics added.)
The italicized sentence in section 366.26(c)(4)(B) makes it clear that the juvenile court's obligation to "make an order for visitation" is triggered only when the court decides to leave the child with a caretaker who is not willing to become the child's legal guardian, and not when, as here, the court appoints the child's caretaker as the child's legal guardian. *792 Thus, under the Legislature's amendment to section 366.26(c)(4), a juvenile court is not precluded from delegating to the appointed guardian the determination whether visitation is to occur between the parent and the child. Here, the mother has not argued that this construction of the amendment is in error.[3]
Rather, the mother argues that applying the amended provision to this case would constitute an improper retrospective application. She correctly points out the general rule that statutes do not operate retrospectively unless the Legislature plainly indicates otherwise. (Myers v. Philip Morris Companies, Inc. (2002) 28 Cal.4th 828, 840, 123 Cal.Rptr.2d 40, 50 P.3d 751.) "A statute has retrospective effect when it substantially changes the legal consequences of past events." (Western Security Bank v. Superior Court (1997) 15 Cal.4th 232, 243, 62 Cal.Rptr.2d 243, 933 P.2d 507.) Application of a statute that clarifies existing law is not retrospective, because the true meaning of the statute has not changed. (Ibid.)
Here, we need not decide whether the Legislature's recent amendment to section 366.26(c)(4) changed the statute or merely clarified its meaning. If the amendment simply clarified the meaning of the existing statutory provision, the juvenile court acted properly in leaving it to the court-appointed legal guardian to determine the issue of visitation. If, on the other hand, the recent amendment did change existing law, then the juvenile court erred in delegating the visitation issue to the guardian. But because on remand the amended statutory provision would control, the juvenile court at that time, in compliance with the amended provision, could again delegate control of visitation to the legal guardians. (See Tapia v. Superior Court (1991) 53 Cal.3d 282, 288, 279 Cal.Rptr. 592, 807 P.2d 434 [laws addressing future acts are prospective in nature].) We therefore reject the mother's contention that we should remand the matter to the juvenile court directing that the court itself, rather than the court-appointed legal guardians, determine the issue of visitation.[4] This conclusion does *793 not mean, however, that the mother has no legal recourse. Section 388 allows any parent to petition the juvenile court and section 385 allows the court on its own motion to change, modify, or set aside any order previously made by the court.
The judgment of the Court of Appeal is reversed.
WE CONCUR: GEORGE, C.J., BAXTER, WERDEGAR, CHIN, BROWN and MORENO, JJ.
NOTES
[1] Unless otherwise noted, all further statutory references are to the Welfare and Institutions Code.
[2] Although the loss of the right to challenge a ruling on appeal because of the failure to object in the trial court is often referred to as a "waiver," the correct legal term for the loss of a right based on failure to timely assert it is "forfeiture," because a person who fails to preserve a claim forfeits that claim. In contrast, a waiver is the "`intentional relinquishment or abandonment of a known right.'" (People v. Simon (2001) 25 Cal.4th 1082, 1097, fn. 9, 108 Cal.Rptr.2d 385, 25 P.3d 598; People v. Saunders, supra, 5 Cal.4th at p. 590, fn. 6, 20 Cal.Rptr.2d 638, 853 P.2d 1093.)
[3] After the parties submitted supplemental briefs on the effect of the enactment of the January 1, 2004 amendment to section 366.26(c)(4), and after oral argument, the mother requested that we judicially notice Assembly Bill No. 2807 and the analysis of that bill by the Assembly Committee on Judiciary. That legislation, introduced in the Assembly on February 4, 2004, would again amend section 366.26(c)(4) by moving the sentence concerning visitation when the child is placed with a relative or foster parent, and not a legal guardian, into a separate and new subdivision that would then apply to "parents or guardians." The committee's analysis contains a brief discussion under the heading "Author's amendment," stating that this change is "to correct a drafting error" in Assembly Bill No. 408, the legislation that amended the statute effective January 1, 2004.

The request for judicial notice of Assembly Bill No. 2807 and the analysis of the Assembly Committee on Judiciary is granted. (Evid.Code, § 452, subd. (c).) The existence of the legislation and the committee analysis does not, however, affect our decision here. The bill has not been enacted into law, and we generally "do not rely on evidence of the individual views of proponents of legislation." (People v. Cruz (1996) 13 Cal.4th 764, 780, fn. 9, 55 Cal.Rptr.2d 117, 919 P.2d 731; see also Quintano v. Mercury Casualty Co. (1995) 11 Cal.4th 1049, 1062 & fn. 5, 48 Cal.Rptr.2d 1, 906 P.2d 1057.)
[4] Contrary to the mother's assertion, our conclusion will not disrupt existing guardianships in cases in which the juvenile court, rather than the legal guardian, determined the issue of visitation. Section 366.26(c)(4) as amended does not prohibit a juvenile court from deciding the issue of visitation when it appoints a legal guardian. Our holding that the juvenile court is not required to issue a visitation order when a guardian is appointed does not mean that such orders are statutorily prohibited. (See Cal. Rules of Court, rule 1465(d)(2) [court may issue visitation orders when appointing legal guardian].) Thus, our holding has no effect on existing visitation orders in other cases where the juvenile court appointed legal guardians for the minor.