Filed 8/2/21  In re R.A. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>R.A.,<br><br>        Defendant and Appellant. | F082120<br><br>(Super. Ct. No. 20JL-00085A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and A. Kay Lauterbach, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P.J., Levy, J. and Poochigian, J.

Minor, R.A., appeals from a disposition order adjudging him a ward of the juvenile court and committing him to the Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ). On appeal, he argues that the juvenile court abused its discretion in committing him to the DJJ because (1) he did not qualify for the DJJ sex offender treatment program based on his level of risk for reoffending, (2) he was unlikely to benefit from DJJ placement, and (3) a less restrictive alternative placement was available. The People respond that the minor's claims are forfeited and, in any event, are without merit. Anticipating the People's response, minor argues that if his claims are forfeited then his counsel was ineffective for failing to raise them below. We affirm.

## PROCEDURAL SUMMARY

On July 21, 2020, the Merced County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) alleging minor, at the age of 16, committed a forcible lewd act upon a child under the age of 14 (Penal Code, § 288, subd. (b)(1);[1] count 1) and, at the age of 15, committed a forcible lewd act upon a child under the age of 14 (§ 288, subd. (b)(1); count 2).

On October 13, 2020, minor pled no contest to count 2 in exchange for dismissal of count 1.

On October 27, 2020, the probation officer issued an amended report, recommending commitment to the DJJ for placement in the "Cognitive Behavioral Treatment for Sex Offenders Program (CBT-SO)."

On November 3, 2020, the juvenile court held a disposition hearing. At the hearing, minor's counsel objected to the recommended DJJ placement and instead requested placement at a local long-term program or a group home. The prosecutor supported the probation officer's recommendation. Neither party discussed minor's "Static-99R" recidivism worksheet score, which placed him in the average risk category

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

for sexual reoffending.[2]  After considering the parties' arguments, the juvenile court committed minor to the DJJ for a maximum period of confinement of 10 years.

On November 25, 2020, minor filed a notice of appeal.

## FACTUAL SUMMARY

In the summer of 2018, minor raped his seven-year-old stepsister.

## DISCUSSION

### A.  Forfeiture

As a threshold matter, the People contend minor forfeited his claim that the juvenile court abused its discretion in committing him to the DJJ because he was ineligible for the CBT-SO program as a result of his Static-99R score.  " 'A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court.' "  (*In re N.O.* (2019) 31 Cal.App.5th 899, 935.)  Because minor's counsel did not voice a specific objection based on the Static-99R score or contend he was ineligible for placement in the CBT-SO program, the issue is forfeited.  (See *People v. Scott* (1994) 9 Cal.4th 331, 351–352; *In re S.B.* (2004) 32 Cal.4th 1287, 1293 [juvenile matters are not exempt from the forfeiture rule].)[3]

---

**2**      The probation officer's amended report indicated that "[e]ligibility [for CBT-SO] requires a Static[-]99R score of four or higher."

**3**      Defendant does not contend that the DJJ placement was unauthorized; he contends that he may not be eligible for the CBT-SO program through the DJJ, therefore the DJJ placement would not offer the treatment options the court anticipated in making the placement.  The placement is not unauthorized and is not exempt from forfeiture.  (Cf. *People v. Scott*, *supra*, 9 Cal.4th at p. 354 [challenge to an " 'unauthorized' " sentence— i.e., a sentence that could not lawfully be imposed under any circumstance in the particular case—cannot be forfeited].)

The question of whether the juvenile court abused its discretion in placing minor is not otherwise appropriately reviewed despite the forfeiture because it is not a pure question of law that can be fully resolved without reference to the record.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

## B.  Ineffective Assistance of Counsel

Anticipating our conclusion that his claim is forfeited, minor contends his counsel was ineffective for failing to object to the DJJ placement in light of his apparent ineligibility for the CBT-SO program based on his Static-99R score.  We disagree.

To prevail on a claim of ineffective assistance of counsel, a minor must establish both that his counsel's performance was deficient and that he suffered prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*); *In re Angel R.* (2008) 163 Cal.App.4th 905, 909.)  The deficient performance component of an ineffective assistance of counsel claim requires a showing that "counsel's representation fell below an objective standard of reasonableness" "under prevailing professional norms." (*Strickland*, at p. 688.)  With respect to prejudice, a minor must show "there is a reasonable probability"—meaning "a probability sufficient to undermine confidence in the outcome"—"that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id*. at p. 694.)  We "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies ….  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, … that course should be followed." (*Id*. at p. 697.)

In order to demonstrate prejudice in this context, minor must show a reasonable probability that alerting the juvenile court to his Static-99R score would have resulted in a different placement.  The People argue that minor was committed to the DJJ to benefit from the vocational and life skills programs as well as the CBT-SO program for which he now contends he was ineligible because of his Static-99R score.  Even if minor was ineligible for the CBT-SO program, the People argue, the juvenile court would have committed him to the DJJ to benefit from the other available programs and services and because there was no suitable less restrictive alternative placement, he suffered no prejudice at counsel's failure to object.  We agree.

4.

The probation officer outlined the reasons for his DJJ placement recommendation. She detailed the minor's drug use, the minor's possible gang affiliation, the seriousness of the charges, the minor's apparent lack of remorse, the minor's strained relationship with his family, the minor's need for mental health counseling as a result of childhood traumas, and the inability of the local long-term program to meet the minor's treatment needs. The officer concluded the "[DJJ] can meet the needs of the minor and provide a level of rehabilitation that can assist him in gaining skilled employment upon his release. The [DJJ] offers multiple intensive treatment programs to address violent and criminogenic behavior, as well as, academic and vocational education, within a structured environment." The DJJ treatment programs the probation officer recommended for minor included: the CBT-SO program; mental health treatment programs such as "Trauma Focused Cognitive Behavior Treatment," "psychopharmacological services[,] and specific interventions"; "Career Technical Education"; "Cognitive Behavioral Treatment," a treatment program that teaches offenders to identify and change destructive thought patterns; the "Long-Term Offender Program," a cognitive behavioral treatment program aimed at reducing the likelihood of reoffending; the "Transitions Program, which teaches offenders money management, financial literacy, job readiness, and job search skills; the "Counterpoint" program, a 33-session cognitive behavioral program designed to develop more prosocial attitudes and decrease reoffending; "Aggression Interruption Training," a "10-week cognitive behavioral intervention that teaches young people how to improve their social skills, consider other people's perspectives[,] and control their anger."

According to minor, the only program he is ineligible for as a result of his Static-99R score is the CBT-SO program. No other available program was better suited to treating minor—after the probation officer reviewed minor's case with the local sex

offender program, it was recommended he attend the DJJ program;**4** and the program that minor's counsel requested (for sex offenders who had been victims of sex offenses) was unavailable to 18-year-olds who had graduated high school and defendant had already turned 18 years old and graduated high school by the date of the disposition hearing.

At the disposition hearing, the juvenile court agreed with the probation officer's recommendation and committed the minor to the DJJ, finding minor would "benefit from the reformatory discipline or other treatment provided by DJ[J]" and "no less restrictive environment [was] suitable based on the nature of the offense, … the criminal sophistication involving the offense, and that [minor] does need the intensive treatment … available to him[] at DJ[J]." Minor's apparent ineligibility for the CBT-SO program does not undercut the juvenile court's findings. That program was but one of many treatment programs available to minor at the DJJ. Further, the court concluded in light of the severity of the crime, a less restrictive placement was not a suitable option. The unavailability of the CBT-SO program would not have changed that conclusion.**5**

There is no reasonable probability that the juvenile court would have reached a different placement had it been informed that minor was ineligible for the CBT-SO program. Minor has therefore suffered no prejudice and his ineffective assistance of counsel claim fails.

---

**4** Minor contends that he "had already been accepted at" the local long-term program. While minor was assessed at the local long-term facility, the facility determined "the program would not adequately meet the minor's treatment needs."

**5** While we do not reach the merits of minor's claim, we note that the juvenile court made the required findings that the minor would benefit from a DJJ placement and no less restrictive alternative placement was suitable to meet the minor's treatment needs. (*In re N.C.* (2019) 39 Cal.App.5th 81, 85–86.) If we reached the matter on the record before us, we would conclude substantial evidence supported the juvenile court's findings and the juvenile court therefore did not abuse its discretion in placing minor at the DJJ, even if the CBT-SO program was unavailable to him.

## DISPOSITION

The order is affirmed.