Filed 6/10/25  In re B.G. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re B.G., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,  Plaintiff and Respondent,  v.  B.E.,  Defendant and Appellant. | E083587  (Super.Ct.No. INJ1900343)  OPINION |

APPEAL from the Superior Court of Riverside County.  Elizabeth Tucker, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Michelle D. Pena, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Julie Jarvi, Deputy County Counsel, for Plaintiff and Respondent.

1

## I. INTRODUCTION

B.E. (Father) appeals from a dispositional order removing B.G. from his custody and denying reunification services pursuant to a "bypass" provision set forth in Welfare and Institutions Code[1] section 361.5, subdivisions (b)(16) and (c)(2), which generally provides that a juvenile court "shall not order reunification for a parent" if the parent has previously been required by a court to be registered on a sex offender registry unless the court also finds by clear and convincing evidence that reunification is in the best interest of the child.  (§ 361.5, subds. (b)(16), (c)(2).)  On appeal, Father does not dispute the juvenile court's finding that he falls within the provision of section 361.5, subdivision (b)(16), but argues that the juvenile court erred by failing to properly consider whether reunification would be in the best interests of B.G.  We conclude this argument has been forfeited for failure to raise the issue in the juvenile court proceedings and affirm the order on this basis.

## II. BACKGROUND

Father and A.G.[2] are the parents of B.G.  In 2024, the Riverside County Department of Public Social Services (Department) filed a petition pursuant to section 300 on behalf of B.G. and his younger half-sister[3] after the Department received reports

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] A.G. is B.G.'s biological mother, but is not a party to this appeal.

[3] B.G.'s half sister is not a party to this appeal, as she is not Father's biological child.

that the children were being left alone unsupervised for extended periods of time. As to Father, the petition generally alleged that he was unable to supervise, provide, protect, or regularly care for B.G. as the result of a prior dependency proceeding in which he lost custody of B.G.; he failed to intervene or report A.G.'s continued substance abuse; he had a prior criminal history; and he failed to adequately provide basic necessities of living to support B.G.

In March 2024, the Department filed a jurisdictional and dispositional report. The Department reported that Father was incarcerated at the time of B.G.'s birth, and he was not listed on B.G.'s birth certificate. B.G. had never resided in the same home as Father, and their relationship involved only a handful of visits throughout the course of B.G.'s life. Father lost legal and physical custody of B.G. in 2019 due to a prior dependency proceeding, and Father had not made any efforts to visit with B.G. since B.G. was detained in the present dependency proceeding.

The Department further reported that Father had previously been convicted of numerous criminal offenses, including: (1) reckless driving (Veh. Code, § 23103, subd. (a)); (2) vandalism for damage and destruction of property (Pen. Code, § 594, subd. (a)(2), (3)); (3) the supervision, recruitment, and collection of proceeds from prostitution (Pen. Code, § 653.23, subd. (a)); (4) human trafficking (Pen. Code, § 236.1, subd. (b)); and (5) prohibited possession of drug paraphernalia while incarcerated (Pen. Code, § 4573.8). As a result of some of these convictions, Father was a registered sex offender pursuant to Penal Code section 290. Based upon this criminal history, the

3

Department recommended that, in the event of removal, Father be denied reunification services pursuant to the bypass provisions set forth in sections 361.5, subdivision (b)(16).

In March 2024, the juvenile court held a jurisdictional and dispositional hearing. At the hearing, the juvenile court invited counsel for all parties to present argument and Father's counsel made the following objection: "We are objecting to the allegations, objecting to the custody removal, objecting to the denial under (b)(16) and objecting under the 361.2. Even though—the 361.2 is not in effect. [Father]'s not asking for custody at this time, but we are objecting to the (b)(16) for the record." Father did not request that the juvenile court consider whether the best interests of B.G. warranted granting reunification services despite the application of a bypass provision and did not direct the juvenile court to any evidence on that point.

The juvenile court sustained the jurisdictional allegations against Father, adopted the recommendations of the Department as set forth in the jurisdictional and dispositional report, formally removed B.G. from Father's custody, and denied reunification services to Father pursuant to section 361.5, subdivision (b)(16). Father appeals from the dispositional order.

## III. DISCUSSION

The only claim of error raised by Father in this appeal is that the juvenile court erred by denying him reunification services. In making this argument, Father does not contest that he is registered as a sex offender within the meaning of section 361.5, subdivision (b)(16), such that the bypass provision applies. Instead, Father argues that the juvenile court should have considered whether the best interests of B.G. warranted

4

granting reunification services notwithstanding the application of a bypass provision. We conclude that this argument has been forfeited for failure to raise the issue at the time of the dispositional hearing.

"After a juvenile court exercises jurisdiction over a child pursuant to section 300, it must determine the appropriate disposition for that child." (*In re M.D.* (2023) 93 Cal.App.5th 836, 856.) " '[T]he general rule is that when a dependent child is removed from the parent's . . . physical custody, child welfare services, including family reunification services, must be offered.' " (*In re A.R.* (2021) 11 Cal.5th 234, 245; *In re A.E.* (2019) 38 Cal.App.5th 1124, 1141.) However, reunification " 'need not be provided' " to a parent if the juvenile court finds true by clear and convincing evidence any of the statutorily enumerated circumstances set forth in section 361.5, subdivision (b) (*In re A.E.*, at p. 1141; § 361.5, subd. (b)), which are sometimes referred to as " 'bypass' " provisions (*Tyrone W. v. Superior Court* (2007) 151 Cal.App.4th 839, 845-846).

One of the enumerated circumstances for bypassing reunification services is where "the parent . . . has been required by the court to be registered on a sex offender registry . . . ." (§ 361.5, subd. (b)(16).) If the juvenile court determines that section 361.5, subdivision (b)(16) applies, it is statutorily prohibited from ordering reunification services unless it also makes a countervailing factual finding, by clear and convincing evidence, that reunification is in the best interest of the child. (§ 361.5, subd. (c)(2); *In re A.E., supra,* 38 Cal.App.5th at p. 1141.) The department bears the burden of proving the threshold issue of whether a bypass provision applies, while the parent bears the burden

5

of proof on the issue to establish the countervailing fact that reunification would be in the best interests of the child. (*In re T.R.* (2023) 87 Cal.App.5th 1140, 1148; *In re Jayden M.* (2023) 93 Cal.App.5th 1261, 1272-1273; *In re S.B.* (2013) 222 Cal.App.4th 612, 623.) Generally, "We review a juvenile court's determination that the Department has carried its initial burden in the first step for substantial evidence. [Citations.] . . . We review a juvenile court's assessment of what is in the child's best interest for an abuse of discretion." (*In re Jayden M.,* at p. 1273.)

However, "[i]n dependency proceedings, as elsewhere, a litigant forfeits an appellate argument by failing to raise it before the trial court." (*In re D.P.* (2023) 92 Cal.App.5th 1282, 1292-1293; *In re S.B.* (2004) 32 Cal.4th 1287, 1293.) The forfeiture rule has been directly applied to dispositional orders bypassing reunification services. (*In re T.G.* (2015) 242 Cal.App.4th 976, 984; *D.T. v. Superior Court* (2015) 241 Cal.App.4th 1017, 1034.)

Here, the record shows that the only argument advanced by Father at the time of the dispositional hearing was an objection to application of the bypass provision of section 361.5, subdivision (b)(16). Although Father has the burden of proof to establish that reunification would be in the best interests of the child, Father did not argue that the best interests of B.G. warranted granting reunification services despite the application of a bypass provision, did not offer any evidence on that point, and did not request the juvenile court make a finding regarding whether granting Father reunification services would be in the best interest of B.G. The record shows that in the absence of a request to consider section 361.5, subdivision (c)(2), as a basis for granting reunification services

6

despite application of a bypass provision, the juvenile court never made any findings pursuant to that statute.  Given this record, Father cannot raise the issue for the first time on appeal, and we conclude the issue has been forfeited.

Father concedes that, as a general rule, points not raised in the juvenile court cannot be raised for the first time on appeal, but he argues that we should exercise our discretion to reach the merits of his claim notwithstanding his failure to raise it at the time of the dispositional hearing.  We are unpersuaded that this case represents the type of case warranting exercise of such discretion.  The determination of whether reunification services should be offered despite the application of a statutory bypass provision is a matter within the juvenile court's discretion based upon weighing numerous factors.  (See *In re Jayden M.*, *supra*, 93 Cal.App.5th at pp. 1272-1273.)  Review of this aspect of a juvenile court's dispositional order requires us to evaluate whether the juvenile court's factual findings related to each factor are supported by substantial evidence (see *In re A.E.*, *supra*, 38 Cal.App.5th at pp. 1140-1145), and whether the juvenile court's weighing of those factors in reaching its ultimate determination is arbitrary and capricious (*In re G.L.* (2014) 222 Cal.App.4th 1153, 1166-1167 [weighing competing evidence]).  We cannot undertake such an analysis where the juvenile court was never asked to make any factual findings related to the matter and never asked to exercise its discretion in the first

7

instance.[4]  Thus, we decline to reach the merits of Father's argument and instead apply the rule of forfeiture.

IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS

J.

We concur:

McKINSTER

Acting P. J.

RAPHAEL

J.

---

[4]  Because a parent bears the burden of proof to show that the best interests of a dependent child warrants application of section 361.5, subdivision (c)(2) (*In re T.R.*, *supra*, 87 Cal.App.5th at p. 1148; *In re Jayden M.*, *supra*, 93 Cal.App.5th at pp. 1272-1273), the juvenile court is not required to make any findings related to this subdivision if a parent does not raise the issue and does not request the juvenile court consider its application (*R.T. v. Superior Court*, *supra*, 202 Cal.App.4th at p. 913, fn. 3).

8