[No. B228847. Second Dist., Div. Six. Nov. 14, 2011.]

CAROL RICH, Plaintiff and Appellant, v.
ROCHELLE THATCHER, Defendant and Respondent.

## Counsel

Paula D. Emmons for Plaintiff and Appellant.

Ferguson, Case, Orr, Paterson and Wendy C. Lascher for Defendant and Respondent.

## Opinion

**YEGAN, Acting P. J.**—The United States Supreme Court has said: " '[T]he custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.' " (*Troxel v. Granville* (2000) 530 U.S. 57, 65–66 [147 L.Ed.2d 49, 56–57, 120 S.Ct. 2054] (plur. opn.).) As we shall explain, "first" means first. A fit parent has a federal due process constitutional right to make decisions concerning the care, custody, and control of his or her child. (530 U.S. at pp. 57, 58, 62.) This includes the right to limit visitation of the child by a third party, even a grandparent. But the right is not absolute. A family law court may order grandparent visitation upon a proper showing. No such showing was made here.

██ Carol Rich (grandmother) appeals from an order denying her request for visitation with her four-year-old grandchild (grandchild). The request was made pursuant to Family Code section 3102.[1] Grandmother contends that (1) the trial court erroneously required grandmother to show by clear and convincing evidence that the denial of grandparent visitation would be detrimental to grandchild and (2) the court abused its discretion in finding that grandparent visitation would not be in grandchild's best interest. We affirm.

### Factual and Procedural Background

In December 2006 Rochelle Thatcher (mother) gave birth to grandchild. The father (father) was grandmother's son. Mother and father were not married. Mother has physical custody of grandchild. Grandmother and mother "do not get along." Among other disputes, they have differences of opinion concerning father's long-term use of drugs. Father died in 2010 of a drug overdose and left two suicide notes. Grandmother disputed the coroner's determination of death by suicide and told the coroner that mother may have been responsible for his death. Their hostility is open and clear.

---

[1] All statutory references are to the Family Code.

Father had previously filed a "Petition to Establish Parental Relationship" and grandmother petitioned for joinder. Grandmother claimed that she should be joined in the action "to assert her visitation rights" pursuant to section 3102. Mother opposed joinder and grandparent visitation. The trial court granted the petition for joinder.

In June 2010 the trial court conducted a lengthy evidentiary hearing on visitation. Thereafter, it issued a written ruling which could serve as a "textbook example" of how a trial court should proceed. (See, e.g., *People v. Rosalez* (1979) 89 Cal.App.3d 789, 792 [153 Cal.Rptr. 65].) The trial court denied grandmother's request for visitation. The court stated that its decision was based on "[d]eclarations of the parties and witnesses" and on testimony at the hearing. It expressed "great concern over [grandmother's] veracity." It also noted that, although grandmother had shown that she had a relationship with grandchild, she had failed to show "a deep and abiding relationship." The trial court found that "Grandmother's relationship with [grandchild] was rather limited to interaction with [grandchild] during [grandchild's] supervised visits with Father, largely due to the fact that Grandmother was the court-appointed supervisor for Father's visits with [grandchild]."[2]

The trial court summarized the relevant law as follows: "The case law applicable to Section 3102 requires the Court to apply a rebuttable presumption that a fit parent will act in the best interest of her child. This presumption can only be overcome by clear and convincing evidence that denial of the grandparent visitation would be detrimental to the child." The court concluded: "[N]o evidence was presented to the Court to suggest that Mother is an unfit parent. As such, the Court . . . finds that Grandmother has not provided clear and convincing evidence to rebut the presumption that Mother is acting in the best interest of [grandchild] in denying visitation to Grandmother at this time or that denial of visitation with Grandmother would be detrimental to [grandchild]." The court went on to find that, regardless of whether the "detrimental" requirement was satisfied, the granting of visitation to grandmother would not be in grandchild's best interest: "Even if the Court were to find that Grandmother had overcome the presumption by clear and convincing evidence that denial of the visitation by Grandmother was detrimental to [grandchild], the Court hereby finds that it would not be in [grandchild's] best interest to interject court-ordered visitation with Grandmother, particularly in light of the longstanding animosity between Mother and Grandmother."

---

[2] As we indicated in *In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095 [125 Cal.Rptr.3d 238], the trial court's comment on grandmother's veracity is tantamount to an "adverse factual finding." This is a poor platform upon which to predicate a successful appeal. (*Id.*, at p. 1099.)

*Section 3102*

■ "Grandparents' rights to court-ordered visitation with their grandchildren are purely statutory. [Citation.]" (*In re Marriage of Harris* (2004) 34 Cal.4th 210, 219 [17 Cal.Rptr.3d 842, 96 P.3d 141].) The applicable statute here, section 3102, provides in relevant part: "(a) If either parent of an unemancipated minor child is deceased, the . . . parents . . . of the deceased parent may be granted reasonable visitation with the child during the child's minority upon a finding that the visitation would be in the best interest of the minor child."

■ Courts have construed section 3102 as requiring a rebuttable presumption in favor of a fit surviving parent's decision that grandparent visitation would not be in the best interest of the child. (*In re Marriage of W.* (2003) 114 Cal.App.4th 68, 74–75 [7 Cal.Rptr.3d 461]; *Fenn v. Sherriff* (2003) 109 Cal.App.4th 1466, 1479, fn. 4 [1 Cal.Rptr.3d 185]; *Zasueta v. Zasueta* (2002) 102 Cal.App.4th 1242, 1253 [126 Cal.Rptr.2d 245].)

*Clear and Convincing Burden*

■ Grandmother contends that the trial court erred in applying the clear and convincing burden. We disagree with her and agree with the trial court's legal conclusion. We hold as follows: To overcome the presumption that a fit parent will act in the best interest of the grandchild, a grandparent has the burden of proof and must show, by clear and convincing evidence, that denial of visitation is not in the best interest of the grandchild, i.e., denial of visitation would be detrimental to the grandchild. The fair import of the word "detriment" is damage, harm, or loss. (See American Heritage Dict. (2d college ed. 1982) p. 388, col. 2.) If grandparent visitation is in the grandchild's "best interest," it is not "detrimental." If grandparent visitation is not in the grandchild's "best interest," it is "detrimental." (*In re Randalynne G.* (2002) 97 Cal.App.4th 1156, 1169 [118 Cal.Rptr.2d 880], superseded by statute on another ground as stated in *In re S.B.* (2004) 32 Cal.4th 1287, 1294–1295 [13 Cal.Rptr.3d 786, 90 P.3d 746].)

Until today, no appellate court has expressly held that section 3102 requires clear and convincing evidence to overcome the presumption. "There is some authority for the proposition that the same test which applies to a custody award to a nonparent should apply to a visitation award to a nonparent—that is, that 'judicially compelled visitation against the wishes of both parents' 'must not be allowed unless it is clearly and convincingly shown that denial of visitation would be detrimental to the child.' (*In re Marriage of Gayden* (1991) 229 Cal.App.3d 1510, 1517, 1520 [280 Cal.Rptr. 862] [involving a motion for visitation by a biologically unrelated person

under former Civil Code section 4601 (now § 3100)].)" (*Fenn v. Sherriff, supra*, 109 Cal.App.4th at p. 1486; see also dictum in *In re Marriage of W., supra*, 114 Cal.App.4th at p. 74 ["Where natural parents are unified in opposition, nonparental visitation can be ordered only if such visitation is in the best interest of the child *and* denial of visitation would be detrimental to the child."].)

■ "The degree of burden of proof applied in a particular situation is an expression of the degree of confidence society wishes to require of the resolution of a question of fact. [Citation.]" (*In re Marriage of Peters* (1997) 52 Cal.App.4th 1487, 1490 [61 Cal.Rptr.2d 493]; see 1 Witkin, Cal. Evidence (4th ed. 2000) Burden of Proof and Presumptions, §§ 34, 38, pp. 183–184, 187–188.) There is no question that a grandparent has an important interest in visiting with a grandchild. But the higher degree of the burden of proof that we adopt simply demonstrates that there is a preference in favor of the presumably correct choice of a fit sole surviving parent. Such a choice is "first."

In formulating our holding, we are guided by and adopt the cogent analysis of Justice Chin in his concurring and dissenting opinion in *In re Marriage of Harris, supra*, 34 Cal.4th at pages 247–250 (see also *id.*, at pp. 251–253 (conc. & dis. opn. of Brown, J.)). To adequately protect a fit sole surviving parent's constitutional right to raise a child, a "mere preponderance" burden as to "best interest" is not sufficient. The "clear and convincing" burden, i.e., evidence " ' " 'so clear as to leave no substantial doubt,' " ' " promotes a parent's constitutionally protected "first" choice. The higher evidentiary burden preserves the constitutionality of section 3102 and insures against erroneous factfinding. (34 Cal.4th at p. 248.)

The clear and convincing burden is not insurmountable. We can certainly envision a case where a trial court could factually find and rule that grandparent visitation is appropriate over the objection of the fit sole surviving parent. This, however, is not such a case. The trial court did not credit grandmother's testimony.

■ Even if the trial court had erroneously applied too strict of a burden for grandmother, we would still affirm the order denying visitation based upon the trial court's alternative ruling. As indicated, we commend the trial court for its well-articulated order. First, it ruled that the "clear and convincing" burden was appropriate. This was a debatable issue which we now settle. But it was also prescient in articulating its alternate best interest ruling which is rooted in traditional family law principles. "We may not reverse . . . simply because [in theory] *some* of the court's reasoning was faulty, so long as *any* of the stated reasons are sufficient to justify the order. [Citation.]"

(*Kaldenbach v. Mutual of Omaha Life Ins. Co.* (2009) 178 Cal.App.4th 830, 844 [100 Cal.Rptr.3d 637].)

*"Best Interest" Standard of Review*

Generally speaking, "[t]he standard of appellate review of . . . visitation orders is the deferential abuse of discretion test. [Citation.] The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child. We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked. [Citation.]" (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32 [51 Cal.Rptr.2d 444, 913 P.2d 473].)

" '[E]valuating the factual basis for an exercise of discretion is similar to analyzing the sufficiency of the evidence for the ruling. . . . Broad deference must be shown to the trial judge. The reviewing court should interfere only " 'if [it] find[s] that under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did.' . . ." ' [Citations.]" (*In re Jasmine D.* (2000) 78 Cal.App.4th 1339, 1351 [93 Cal.Rptr.2d 644].)

" 'The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]; see also *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448–1449 [77 Cal.Rptr.2d 463].)

Grandmother has not fully developed an argument that the trial court reasonably concluded that visitation would not be in grandchild's best interest. Nine witnesses testified at the hearing on the visitation issue, but grandmother does not specifically discuss their testimony, which the trial court considered. Instead she refers only to her own testimony, which the trial court impliedly, if not expressly, disbelieved.

Thus, grandmother has failed to carry her burden of establishing " 'a clear case' " of abuse of discretion. (*Denham v. Superior Court, supra,* 2 Cal.3d at p. 566.) " '[W]hen an appellant urges the insufficiency of the evidence to support the findings it is his duty to set forth a fair and adequate statement of the evidence which is claimed to be insufficient. He [or she] cannot shift this burden onto respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked his

responsibility in this respect.' [Citation.]" (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409 [58 Cal.Rptr.3d 527].)

## *Disposition*

The judgment (order denying grandparent visitation) is affirmed. Mother shall recover her costs on appeal.

Coffee, J., and Perren, J., concurred.