Filed 12/17/20  Stallworth v. Orr CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JOSEPH STALLWORTH,<br><br>       Plaintiff and Appellant,<br><br>v.<br><br>AMANDA ORR,<br><br>       Defendant and Respondent. | A158353<br><br>(Alameda County<br>Super. Ct. No. AF14740400) |

Amanda Orr and Joseph Stallworth, who were never married, had a daughter in August 2014.  Shortly after the child was born, Stallworth petitioned to establish a parental relationship with her.  In August 2015, the trial court entered a judgment on the petition finding Stallworth and Orr were the girl's parents and awarding each parent joint legal and physical custody over her.  Following years of custody disputes and related litigation, the trial court entered a post-judgment custody award giving Orr and Stallworth joint legal custody and giving Stallworth physical custody for three weekends per month and additional time around holidays.  With some modifications, the trial court's order adopted the recommendations of a child custody recommending counselor at Family Court Services, Dr. Gene Mabrey, who served as a mediator and interviewed the child.

Stallworth appeals, contending the trial court prevented him from submitting evidence at the hearing in September 2019 that would show Orr

1

had interfered with his relationship with his daughter.[1]  In support of his argument, Stallworth cites a variety of incidents and allegations dating back to the beginning of the litigation.[2]

The record before us constrains our consideration of Stallworth's arguments.  In his notice designating the record on appeal, Stallworth indicated that he intended to use a settled statement instead of reporter's transcripts.  But he failed to file in the trial court a proposed summary of the oral proceedings there, which is required to proceed by settled statement.  (See Cal. Rules of Court, rule 8.137(c)(1) [after appellant notifies respondent of appellant's intent to proceed by settled statement and respondent does not elect to provide reporter's transcripts, "the appellant must serve and file a proposed statement in superior court within 30 days after filing its notice" of intent to proceed by settled statement].)  Stallworth confirmed to court staff that he was not requesting a settled statement or looking for any other documents before proceeding.  As a result, the record on appeal consists of a clerk's transcript but no record of the oral proceedings in the trial court.

The failure to provide a record of the oral proceedings in the trial court that shows what transpired presents a "fatal problem" with Stallworth's appeal.  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181,

---

[1] Stallworth also contends the trial court erred in denying his peremptory challenge under Code of Civil Procedure section 170.6.  The trial court denied Stallworth's peremptory challenge and related request to transfer the case to another judge on December 31, 2018.  Stallworth filed his notice of appeal on September 6, 2019, and that notice did not mention the peremptory challenge.  Stallworth's appeal from that order is therefore untimely.  (See Cal. Rules of Court, rule 8.104(a)(1) [notice of appeal must be filed at the latest within 180 days after entry of judgment].)

[2] Although the parties appear to have a lengthy history of accusations against each other, we recite only the facts necessary to resolve the issues on appeal.

186.) "In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. [Citations.] [¶] The reason for this follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Id.* at pp. 186–187.)

These principles require us to affirm the judgment. "Generally speaking, '[t]he standard of appellate review of . . . visitation orders is the deferential abuse of discretion test. [Citation.] The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the "best interest" of the child. We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked. [Citation.]' [Citation.] [¶] ' "[E]valuating the factual basis for an exercise of discretion is similar to analyzing the sufficiency of the evidence for the ruling. . . . Broad deference must be shown to the trial judge. The reviewing court should interfere only ' "if [it] find[s] that under all the

evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did." ' " ' " (*Rich v. Thatcher* (2011) 200 Cal.App.4th 1176, 1182.)

Stallworth cites a variety of materials from earlier stages in the case that he contends show Orr violated the law, lied to the court, filed false accusations of abuse, refused to use Stallworth's last name for the child as required by a court order, and interfered with his relationship with the child. But without a record of the oral proceedings, we cannot assume that Stallworth recited these events to the trial court. Moreover, the minute orders of the proceedings that are in the record note that the court heard from both parties on two different days of hearings. The court also reviewed reports from Dr. Mabrey, the counselor who interviewed the child and recommended the custody arrangement that the court ultimately modified and adopted. In the absence of a record of the oral proceedings, we must presume that Orr's and Dr. Mabrey's evidence supports the trial court's decision not to give Stallworth physical custody of the child, notwithstanding Stallworth's allegations. (*Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187.)

Moreover, the limited record that is available to us provides sufficient support for the trial court's order even without the presumption that arises from the absence of a record of the oral proceedings. The trial court filings indicate that Stallworth was involved in an incident of domestic violence and had been investigated by Child Protective Services. Stallworth asserts that the Child Protective Services investigation was closed as unfounded. We will not discuss the matter in detail in this opinion because the evidence is contained within a confidential portion of the record, but the record indicates otherwise. Child Protective Services substantiated some concerning conduct

4

and required Stallworth to meet certain requirements as a condition of closing the investigation.  At an adversarial custody hearing, "the court has ' "the widest discretion to choose a parenting plan that is in the best interest of the child" ' [citation], but 'must look to all the circumstances bearing on the best interest of the minor child.' "  (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256, italics omitted.)  In light of this discretion and Stallworth's history, we cannot say that the trial court abused its discretion in awarding Orr physical custody and giving Stallworth visitation for three weekends per month and additional time around holidays.

## DISPOSITION

The trial court's order is affirmed.



BROWN, J.


WE CONCUR:

POLLAK, P. J.

STREETER, J.