Filed 8/28/13  In re Sheila K. CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re SHEILA K., a Person Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY, | |
| Plaintiff and Respondent, | A137166 |
| v. | |
| J.W. et al., | |
| Defendants and Respondents; | (Alameda County Super. Ct. No. OJ12019554) |
| SHEILA K., | |
| Appellant. | |

The minor, Sheila K. (appellant), appeals the juvenile court's disposition, which awarded custody of her to her presumed father Michael K. (Father), directed the Alameda County Social Services Agency (Agency) to provide him six months of informal services, and terminated its jurisdiction over appellant under Welfare and Institutions Code, section 300.[1]  We affirm, concluding appellant forfeited her objections to the disposition.

---

[1]  All undesignated section references are to the Welfare and Institutions Code.

1

BACKGROUND

Appellant, born in February 2010, was taken into protective custody on September 8, 2012, and placed in a foster home after her mother J.W. (Mother), the custodial parent, was hospitalized from overdosing on Vicodin. The Agency filed a petition alleging appellant was within the jurisdiction of the juvenile court under section 300, subdivisions (b) and (j). The allegations related to Mother's current and past use of Vicodin, Mother's history of housing instability, and Father's criminal history, as well as the fact that two older siblings are dependents of the juvenile court in a legal guardianship.

Father was present at the detention hearing and was determined to be appellant's presumed father. Father had recently been incarcerated for possession of a controlled substance with the intent to sell; he was released in June 2012. On September 18, 2012, a notice was filed reflecting that appellant had been released to Father's care. In its September 24 jurisdiction/disposition report, the Agency recommended the section 300 petition be dismissed and appellant remain in Father's custody. The report indicated Father had demonstrated his ability to care for appellant and appellant was doing well and was bonded with Father.

Father was present at the November 14, 2012, contested disposition hearing; Mother was not present, despite having been ordered to appear. At the hearing, the juvenile court dismissed, on Agency's motion, certain allegations against Father in the section 300 petition. All parties agreed to the court's taking jurisdiction under the petition's allegations pertaining to Mother. Appellant requested that the juvenile court retain jurisdiction after awarding custody to Father, in order to continue formal supervision.

The juvenile court found appellant was within the jurisdiction of the court under section 300, awarded custody to Father, directed the Agency to provide Father six months of "informal family maintenance services," and terminated its jurisdiction over appellant.

This appeal followed. Mother and Father did not actively participate in the appeal.

2

DISCUSSION

Appellant contends the juvenile court lacked statutory authority to make the disposition in the present case. She contends section 360, subdivision (b) did not authorize the court to order informal supervision because Father was not the custodial parent at the time the section 300 petition was initially filed;[2] the court's order was not proper under section 361.2[3] because the court did not declare appellant a dependent, because the court did not make findings regarding the necessity of removing appellant from Mother's custody as required under section 361, subdivision (c),[4] and because section 361.2 does not provide for informal supervision; and section 245.5 did not provide the court authority for the disposition because the court terminated jurisdiction over appellant.[5]

We need not and do not consider any of those contentions because appellant failed to raise any of them before the juvenile court. (*In re Christopher B.* (1996) 43 Cal.App.4th 551, 558 ["In dependency litigation, nonjurisdictional issues must be the subject of objection or appropriate motions in the juvenile court; otherwise those arguments have been waived and may not be raised for the first time on appeal. [Citations.]"]; see also *In re Karla C.* (2010) 186 Cal.App.4th 1236, 1266-1267; *In re Kevin S.* (1996) 41 Cal.App.4th 882, 885-886.) At the hearing, appellant only argued that the evidence justified retaining jurisdiction and formal supervision of Father. Appellant

[2]  Section 360, subdivision (b) authorizes the juvenile court to order that family maintenance services be provided for a limited period without declaring the minor a dependent of the court.

[3]  Section 361.2 contains provisions regarding placement of a child with a parent with whom the child was not residing when the circumstances that justified the section 300 petition arose.

[4]  Section 361, subdivision (c) provides, "A dependent child may not be taken from the physical custody of his or her parents or guardian or guardians with whom the child resides at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence of any" of a number of specified circumstances.

[5]  Section 245.5 provides the juvenile court broad authority to direct orders "as the court deems necessary and proper for the best interests of or for the rehabilitation of" "a minor who is subject to any proceedings under this chapter."

did not argue the juvenile court was without authority to impose informal supervision, or to award custody to Father without a finding regarding the necessity of removing appellant from Mother's custody.

In a supplemental brief, appellant requests that this court exercise its discretion to consider her claims despite her failure to raise them below. We decline to do so. (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293 ["the appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue"]; see also *In re Karla C.*, *supra*, 186 Cal.App.4th at p. 1267.) Had appellant raised any of her objections below, the juvenile court could have considered whether to proceed differently and it could have made any findings required by statute. (*In re S.B.*, at p. 1293 ["The purpose of [the forfeiture] rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]"].)

Moreover, this is not an instance where appellant's substantive interests are at stake. (*In re Karla C., supra,* 186 Cal.App.4th at p. 1267 [" '[T]he underlying purpose of dependency law is to protect the welfare and best interests of the dependent child. [Citations.]' [Citation.]"].) Appellant concedes there is no risk of detriment to her in Father's custody. It is clear beyond a reasonable doubt the juvenile court would have made the section 361, subdivision (c) finding regarding removal of appellant from Mother's custody, had the court been requested to do so. The evidence showed there is a substantial danger to appellant's well-being in Mother's custody because Mother abused controlled substances while appellant was in her custody; Mother had not been attending an outpatient drug program; there was testimony Mother was under the influence of drugs at a child's birthday party; Mother told the child welfare worker she was not ready to have appellant returned to her custody; and Mother failed to appear at the disposition hearing despite being ordered to do so. (§ 361, subd. (c)(1).) Moreover, Mother was unwilling to have physical custody of appellant. (§ 361, subd. (c)(2).)

Finally, any error in providing Father informal services was not to appellant's detriment. Although appellant argued below that the juvenile court should retain jurisdiction, appellant does not contend on appeal that the juvenile court's decision to

4

terminate jurisdiction and provide only six months of informal services is not supported by substantial evidence. (*In re I.J.* (2013) 56 Cal.4th 766, 773.) Instead, appellant points to the court's decision to provide informal services as an indication the court believed *some* supervision of Father was necessary, and then appellant argues the court lacked authority to direct the Agency to provide *informal* services. Thus, even if the juvenile court lacked statutory authority to provide Father informal services, there is no showing that the disposition harmed appellant.

DISPOSITION

The juvenile court's orders are affirmed.


_____
SIMONS, J.


We concur.



_____
JONES, P.J.



_____
NEEDHAM, J.

5