Filed 12/21/22  Patacsil v. Perez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ERNESTO PATACSIL, JR.,<br><br>       Plaintiff, Cross-defendant and Appellant,<br><br>    v.<br><br>HENRY PEREZ,<br><br>       Defendant, Cross-complainant and Respondent. | C095195<br><br>(Super. Ct. No. STK-CV-UBC-2018-0008935) |

In prior litigation involving the sale of real property in Stockton, plaintiff and cross-defendant Ernesto Patacsil, Jr., and defendant and cross-complainant Henry Perez entered into a settlement agreement and release (Settlement Agreement).  Thereafter, Patacsil filed a new action alleging Perez breached the Settlement Agreement.  Perez cross-complained, asserting causes of action, among others, seeking to quiet title and for breach of contract.  The trial court entered judgment adjudging Perez the owner of the

1

subject real property. Perez then filed a motion for attorney fees pursuant to the Settlement Agreement. Patacsil did not oppose the motion. The trial court granted Perez's unopposed motion, awarding him attorney fees and costs.

On appeal, Patacsil asserts (1) the issue of the lack of a legal basis for the attorney fees award presents a question of law, and therefore his failure to oppose Perez's motion for attorney fees in the trial court does not preclude us from reviewing the legal basis for the award, (2) there is no valid legal basis for the award because the Settlement Agreement only authorized an award of attorney fees for the party prevailing on contract-based claims, and here, Perez prevailed on his cause of action seeking to quiet title, not his breach of contract claim, and (3) in the event that the underlying judgment is reversed on his separate appeal, the award of attorney fees must fall with the judgment.

We affirm. We conclude Patacsil forfeited his claim that there is no valid legal basis for the award of attorney fees by failing to raise it in the trial court by opposing Perez's motion. We decline to exercise our discretion to reach the merits as to whether a valid legal basis supported the award. Assuming it is properly before us, Patacsil's contention that, if the underlying judgment is reversed, the award of attorney fees must fall with the judgment is moot because another panel of this court affirmed the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Patacsil, as buyer, and Perez, as seller, entered into a residential purchase agreement for certain real property in Stockton. According to the complaint, Perez breached the agreement. Prior litigation ensued, in which Patacsil sought to enforce his right to purchase the property.

In 2014, the parties settled the prior litigation by entering into the Settlement Agreement. Section II, paragraph 7 of the Settlement Agreement pertained to attorney

2

fees.[1]  It stated:  "Each of the Parties shall bear their own costs and attorneys' fees incurred in connection with negotiating or preparing this Agreement.  In the event of a proceeding maintained by any of the Parties to enforce or construe any provision of this Agreement the non-prevailing party or parties shall pay to the prevailing party or parties, the reasonable costs, expenses and attorneys' fee incurred by the prevailing party or parties in that proceeding, and to enforce a judgment and on appeal."

Patacsil commenced this action based on Perez's alleged breach of the Settlement Agreement.  Patacsil asserted causes of action seeking declaratory relief, for breach of contract, and seeking specific performance.  Perez filed a cross-complaint asserting causes of action seeking declaratory relief, seeking to quiet title, for ejectment, and for breach of contract.  In a judgment after court trial, the trial court adjudged Perez owner of the real property subject to a lien held by Patacsil, and stated Patacsil had "no right title or interest in [the] property and improvements . . . except as provided herein . . . ."

Perez filed a motion for attorney fees pursuant to section II, paragraph 7 of the Settlement Agreement.  He sought attorney fees in the amount of $35,274 and costs in the amount of $1,630.66.  Patacsil did not file any opposition to Perez's motion.  In the order appealed from, the trial court granted Perez's unopposed motion for attorney fees, awarding him attorney fees and costs in the amount sought.

DISCUSSION

I

*Forfeiture and Review of Pure Questions of Law*

Patacsil asserts the lack of a legal basis for Perez's attorney fees award presents a question of law.  Therefore, he asserts his failure to oppose Perez's motion for attorney

---

[1]     In a superseded iteration of the Settlement Agreement, the provision addressing attorney fees was in section II, paragraph 8, not paragraph 7.  The language of the provision was identical.

fees in the trial court does not preclude us from reviewing the legal basis for the award. Under a second issue heading, Patacsil asserts there is no valid legal basis for the attorney fees award. He asserts that section II, paragraph 7 of the Settlement Agreement does not authorize the recovery attorney fees by the prevailing party on noncontractual claims such as Perez's cause of action seeking to quiet title. Instead, according to Patacsil, section II, paragraph 7 is narrowly drawn to permit only the recovery of attorney fees incurred by the prevailing party on contract-based claims.

Patacsil acknowledges the general rule that, " '[a] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court.' " (*Lopez v. Ledesma* (2022) 12 Cal.5th 848, 866.) "It is well settled that the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue." (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489.) Having failed to oppose Perez's motion for attorney fees in the trial court, Patacsil has forfeited his right to do so for the first time on appeal. (See generally *Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264-265 [purpose of forfeiture rule is to encourage parties to bring errors to the attention of the trial court " ' " ' "so that they may be corrected or avoided and a fair trial had" ' " ' "].)

Patacsil raises an exception to the forfeiture rule: "On a number of occasions, . . . appellate courts have relaxed this [forfeiture] rule and have permitted a party to raise belatedly 'a pure question of law which is presented on undisputed facts.' [Citations.] This forgiving approach has been most frequently invoked when 'important issues of public policy are at issue.' " (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417; accord, *Howitson v. Evans Hotels, LLC, supra*, 81 Cal.App.5th at p. 489 [there are exceptions to the forfeiture rule; appellate court has discretion to consider issue not raised in trial court to extent it presents pure question of law or involves undisputed facts].) Whether to reach matters that have been forfeited lies in the discretion of the reviewing court. (See, e.g., *Howitson*, at p. 489.) However, " '[t]he

4

appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.' " (*In re Marriage of Elali & Marchoud* (2022) 79 Cal.App.5th 668, 682, quoting *In re S.B.* (2004) 32 Cal.4th 1287, 1293.)

Patacsil has failed to proffer a compelling reason for us to reach the issue he forfeited by failing to oppose Perez's motion for attorney fees in the trial court. We decline to exercise our discretion to decide this forfeited claim. Therefore, we do not address the second issue in Patacsil's briefing, that there was no valid legal basis for the award of attorney fees.

## II

### *The Effect of the Separate Appeal from the Underlying Judgment*

Patacsil asserts the reversal of the underlying judgment would mandate reversal of the award of attorney fees. "An order awarding attorney fees ' "falls with a reversal of the judgment on which it is based." ' " (*Gunther v. Alaska Airlines, Inc.* (2021) 72 Cal.App.5th 334, 358, quoting *California Grocers Assn. v. Bank of America* (1994) 22 Cal.App.4th 205, 220; accord, *Merced County Taxpayers' Assn. v. Cardella* (1990) 218 Cal.App.3d 396, 402.)

Patacsil's appeal from the judgment had not been resolved when Patacsil elected not to oppose Perez's motion for attorney fees. Thus, Patacsil could not have advanced this ground in any opposition to the motion for attorney fees in the trial court. In any event, we need not decide whether Patacsil's contention is properly before us, and not forfeited, because he could not have advanced it previously. Another panel of this court has affirmed the underlying judgment. (*Patacsil v. Perez* (Oct. 5, 2022, C093017) [nonpub. opn.].) As a result, Patacsil's contention that, in the event the judgment is reversed, the award of attorney fees must fall with the judgment has been rendered moot.

## DISPOSITION

The order granting Perez's motion for attorney fees is affirmed. Perez shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/_____
HOCH, J.

We concur:

/s/_____
DUARTE, Acting P. J.

/s/_____
RENNER, J.