Filed 10/1/24  In re Kahlil W. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re KAHLIL W., a Person Coming Under the Juvenile Court Law. | B332494 |
| | (Los Angeles County Super. Ct. No. 19CCJP05928C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
|      Plaintiff and Respondent, | |
|      v. | |
| BRUCE W., | |
|      Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Reversed with directions.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Bruce W., father of four-year-old Kahlil W., appeals from the juvenile court's order terminating jurisdiction, awarding sole legal and physical custody of Kahlil to Kahlil's mother Rachel W., and requiring Bruce to have monitored visits with Kahlil (Welf. & Inst. Code, § 362.4).[1]  Bruce does not challenge the court's order regarding custody, but argues the juvenile court abused its discretion in requiring monitored visitation because substantial evidence did not support the court's sole factual finding that Bruce had not completed court-ordered individual counseling. Because substantial evidence did not support that finding, we reverse the custody and visitation order and direct the juvenile court to enter a new order based on the evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Juvenile Court Declares Kahlil a Dependent*
       *Child of the Court*

The Los Angeles County Department of Children and Family Services became involved with the family after a caller reported Kahlil's parents had a physical altercation.  Rachel was

---

[1]    Statutory references are to the Welfare and Institutions Code.

holding Kahlil, who was 18 months old at the time, during the fight.

The juvenile court sustained allegations under section 300, subdivision (b)(1), that Bruce and Rachel failed to adequately supervise and protect Kahlil by engaging in physical altercations in his presence. The court declared Kahlil a dependent child of the juvenile court, removed Kahlil from both parents, and placed him under the care and supervision of the Department for suitable placement. The court ordered monitored visitation for both parents.

B. *Bruce Complies with Some but Not All of His Case Plan*

Bruce's court-ordered case plan required him to take a developmentally appropriate parenting course approved by the Department, engage in mental health counseling, take all prescribed psychotropic medications, and participate in individual counseling to address domestic violence, co-parenting, and child safety. The court did not specify a minimum number of counseling sessions Bruce had to complete.

Bruce complied with the case plan's education and individual counseling requirements. Specifically, Bruce completed a four-hour parenting skills course and an eight-hour parent education and family stabilization course approved by the Department. He also participated in weekly individual counseling sessions, beginning before the court approved Bruce's case plan and continuing throughout the dependency proceedings.

Bruce refused, however, to provide evidence he had complied with the case plan's mental health counseling

3

requirement. He also admitted he was not taking his prescribed psychotropic medication. In addition, Bruce did not visit Kahlil regularly.

C. *The Court Terminates Jurisdiction with a Custody and Visitation Order*

At the six-month review hearing under section 366.21, subdivision (e), the court returned Kahlil to Rachel. At the next review hearing, the court found the conditions justifying dependency jurisdiction under section 300 no longer existed and were not likely to exist if the court withdrew supervision. (§ 364, subd. (c).) The court terminated jurisdiction, awarded Rachel sole legal and physical custody of Kahlil, and ordered Bruce to have monitored visitation with Kahlil. The court's custody and visitation order authorized Bruce to have monitored visits with Kahlil for at least three hours, three times per week. The order stated the court was ordering monitored visitation because Bruce had not completed court-ordered individual counseling. Bruce timely appealed.

## DISCUSSION

A. *Applicable Law and Standard of Review*

"When terminating its jurisdiction over a child who has been declared a dependent child of the court, section 362.4 authorizes the juvenile court to issue a custody and visitation order (commonly referred to as an 'exit order') that will become part of the relevant family law file and remain in effect in the family law action 'until modified or terminated by a subsequent order.'" (*In re T.S.* (2020) 52 Cal.App.5th 503, 513; see § 362.4,

4

subd. (a); *In re Chantal S.* (1996) 13 Cal.4th 196, 203; *In re Anna T.* (2020) 55 Cal.App.5th 870, 871.)  Such an exit order "may not be modified by the family court 'unless the court finds that there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child.'" (*Anna T.*, at pp. 871-872; see § 302, subd. (d); Cal. Rules of Court, rule 5.700(a).)  In making such an order, the juvenile court must consider "the totality of the circumstances and the children's best interest in determining whether jurisdiction should be terminated and in fashioning appropriate exit orders." (*T.S.*, at p. 514; see *In re J.M.* (2023) 89 Cal.App.5th 95, 112 [in making custody and visitation orders "'the juvenile court must look at the best interests of the child'"].)

"'[T]he juvenile court has broad discretion to make custody [and visitation] orders when it terminates jurisdiction in a dependency case.'" (*In re J.M.*, *supra,* 89 Cal.App.5th at p. 112, brackets in original; see *In re N.M.* (2023) 88 Cal.App.5th 1090, 1094.)  We review the juvenile court's custody and visitation order for an abuse of that discretion.  (See *J.M.*, at p. 113; *In re C.W.* (2019) 33 Cal.App.5th 835, 863.)

> B. *Bruce Did Not Forfeit His Challenge to the Visitation Order*

The Department argues Bruce forfeited his challenge to the court's order requiring monitored visitation because he did not object to the requirement at the hearing under section 364.  (See, e.g., *In re S.B.* (2004) 32 Cal.4th 1287, 1293 [a "reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court"]; *In re P.L.* (2024) 100 Cal.App.5th 406, 409 [same].)  Forfeiture, however,

5

does not apply here.  (See *S.B.*, at p. 1293 ["application of the forfeiture rule is not automatic"].)

Although counsel for Bruce did not directly address the issue of visitation at the hearing, he did object generally to the juvenile court terminating jurisdiction.  Moreover, the juvenile court did not state at the section 364 hearing that the court was basing its order requiring monitored visitation on the finding Bruce had not completed individual counseling.  Thus, counsel did not have an opportunity to object and point out that Bruce in fact had completed individual counseling.  The first time anyone knew the court was basing its order requiring monitored visitation on the (unsupported) finding Bruce had not completed individual counseling was when the court signed the written custody and visitation order, which had been prepared and submitted by counsel for Rachel.  Because Bruce had no meaningful opportunity to object to the court's erroneous factual finding, he did not forfeit his challenge to that finding or the final custody and visitation order.

> C.    *The Court Abused Its Discretion in Ordering Monitored Visitation by Relying on a Factual Finding Not Supported by the Evidence*

Bruce argues the juvenile court abused its discretion in ordering monitored visitation because substantial evidence did not support the sole reason the court gave for requiring monitored visitation, a finding not mentioned at the hearing or not disclosed until the written order.  Bruce is correct.

The juvenile court entered its custody and visitation order using the Judicial Council's form titled "Custody Order–Juvenile–Final Judgment" (form JV-200).  (See § 362.4, subd. (e);

6

*In re Anna T.*, *supra*, 55 Cal.App.5th at p. 878; Cal. Rules of Court, rule 5.700(b).) On the attached form JV-206 (titled "Reasons for No or Supervised Visitation–Juvenile") the court stated, by checking boxes on the form, it was ordering "only supervised visitation" because Bruce "has not completed" court-ordered "[i]ndividual counseling."

Substantial evidence did not support the court's finding Bruce had not completed court-ordered individual counseling. In fact, the Department consistently advised the court that Bruce had complied with the individual counseling portion of his case plan. As the Department reported, Bruce attended weekly therapy sessions. Bruce's therapist provided three letters (dated March 1, 2022, June 13, 2022, and June 22, 2023), each of which confirmed Bruce began therapy on June 22, 2021 and subsequently engaged "in therapy on average once per week and continue[d] consistent compliance with treatment." The therapist provided additional details in each letter, including, for example, that Bruce received "treatment in a combination of CBT [cognitive behavioral therapy], Psychotherapy, and Family Dynamics" to treat post-traumatic stress disorder, depression, and anxiety and that Bruce was "making progress in therapy as evidence[d] by reduce[d] conflict and increased exposure with socialization, managing his anxiety by engaging in and demonstrating coping strategies including grounding exercises, utilizing anger control chain, and pursuing educational and vocational skills towards employment." Nothing in the record contradicted the therapist's letters or the other evidence of Bruce's participation in individual counseling.

The Department doesn't really argue substantial evidence supported the juvenile court's finding Bruce did not complete

7

individual counseling.  Instead, the Department cites other evidence in the record that, according to the Department, supported requiring monitored visitation.  For example, the Department argues there was evidence Bruce did not participate in mental health counseling, take all prescribed psychotropic medications, or sign a release allowing the Department to obtain information about his mental health treatment.  The Department also observes that Bruce did not always tell the Department where he was and that, during the latter months of the dependency proceedings, he refused to disclose any information to the Department.  The Department also relies on evidence that Bruce rarely visited or contacted Kahlil during the dependency proceeding and that his relationship with his son deteriorated.

Perhaps some or all of this evidence may have supported an order requiring monitored visitation.  But that is not what the juvenile court found.  The evidence cited by the Department may or may not (sans incomplete individual counseling) have justified requiring Bruce's visits with Khalil to be monitored.  And it is not for us to say in the first instance.  (See *In re Chantal S.*, *supra*, 13 Cal.4th at p. 206 ["the juvenile court, which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child"]; *In re J.M.*, *supra*, 89 Cal.App.5th at p. 112 [same].)

Moreover, the juvenile court's error caused Bruce prejudice.  As he points out, to convince the family court to modify the juvenile court's custody and visitation order to allow unmonitored visitation, he will have to demonstrate a significant change in circumstances.  (See § 302, subd. (d).)  For this reason, the "'information included in the juvenile court order must address the circumstances that led to the juvenile court's child custody

8

and parenting time orders to enable a family court to determine whether circumstances have changed to a degree that justifies considering whether the requested modification is in the best interests of the child.'" (*In re Anna T.*, *supra*, 55 Cal.App.5th at pp. 878-879.) Given that Bruce complied with the juvenile court's individual counseling order (despite the court's finding he didn't), it will be difficult if not impossible to show a significant change in circumstances on that point.

Bruce asks for a variety of remedies for the juvenile court's error. He asks that we reverse the custody and visitation order in its entirety, that we affirm the order but strike the monitored visitation requirement, that we reverse the order and direct the juvenile court to enter a new custody visitation order removing the monitored-visitation requirement, or that we reverse the order and direct the family court (which we have no jurisdiction to do) to consider a new custody and visitation order based on current circumstances. The juvenile court, however, is in the best position to enter an appropriate custody and visitation order based on the (actual) evidence. If the juvenile court concludes, without finding Bruce failed to complete individual counseling, that monitored visitation is still in Kahlil's best interest, the court should enter a new custody and visitation order with a properly completed Judicial Council form JV-206 stating the court's findings in support of monitored visitation. If not, the court should enter a new custody and visitation order allowing unmonitored visitation.

## DISPOSITION

The juvenile court's visitation order is reversed.  The court is directed to vacate its custody and visitation order, including its finding Bruce failed to complete individual counseling, and to enter a new custody and visitation order based on the evidence.


SEGAL, J.

We concur:



MARTINEZ, P. J.



STONE, J.