Filed 7/31/23  In re M.V. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re M.V., a Person Coming Under the Juvenile Court Law. | B313993 c/w B319770 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>B.R.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP02096A) |

APPEAL from findings and orders of the Superior Court of Los Angeles County, Kristen Byrdsong, Judge Pro Tempore.  Dismissed in part and affirmed in part.

Katie Curtis, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Avedis Koutoujian, Deputy County Counsel, for Plaintiff and Respondent.

Janette Freeman Cochran, under appointment by the Court of Appeal, for respondent minor M.V.

---

Mother, B.R., appeals from a detriment finding made at an adjudication hearing, where the court ordered that Mother was to have no visitation with her daughter, M.V. After the appeal was filed, the juvenile court vacated the no visitation order and entered an order giving Father, J.V., sole physical custody, Mother monitored visits, and terminating jurisdiction (the exit order). Mother separately appealed the exit order, and we consolidated the appeals. Because there is no relief this court can provide, we dismiss the appeal of the no visitation order as moot, and we decline to exercise our discretion to consider the appeal as to that order. In addition, Mother has forfeited any challenges as to, and provides no basis for reversing, the court's exit order, including its custody and visitation terms, and thus, we affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.   The No Visitation Order Between Mother and M.V.**

M.V. came to the attention of the Los Angeles County Department of Children and Family Services (the Department) in March 2021 after Mother's boyfriend (not Father) called 911 stating that Mother was behaving "radically" and attempting to drive off with M.V. It was reported that Mother had been depressed the past few days, and her boyfriend said that he refused to let Mother leave with M.V. because when Mother gets upset, she "rams (things) with her vehicle . . . ." A few days later, law enforcement was contacted regarding Mother jumping out of a vehicle and getting into an unknown vehicle. It was stated that Mother suffers from either bipolar disorder or schizophrenia and was not taking medication.

Following the Department's initial investigation, the juvenile court issued an authorization in May 2021 for the Department to remove M.V. from Mother and place M.V. with Father. The Department filed a petition under Welfare and Institutions Code section 300,[1] subdivision (b)(1), and at the detention hearing, the court made a prima facie finding that M.V. was a person described by section 300. M.V. remained released to Father. Additionally, the court ordered monitored visitation for Mother with M.V.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

At the adjudication hearing on July 7, 2021, the court sustained an amended petition. M.V. was declared a dependent of the court, removed from Mother, and released to the home of Father. The court ordered family maintenance services for Father and family enhancement services for Mother. Furthermore, at M.V.'s counsel's request, the court made a detriment finding and ordered no visitation between M.V. and Mother. The court indicated that Mother was improperly discussing case issues with M.V. and acting in a bizarre manner displaying that her mental health needed to be treated, in addition to having unresolved alcohol issues. A section 364 hearing was then set for January 5, 2022.

Mother timely appealed the no visitation order. In lieu of a respondent's brief, the Department submitted a letter providing that while Mother's appeal was pending, the juvenile court vacated the detriment finding as to Mother and entered the exit order giving Mother monitored visitation and terminating jurisdiction. The Department filed a Request for Judicial Notice as to these post-appeal orders, which was granted. The Department concurrently filed a motion to dismiss Mother's appeal of the detriment finding and no visitation order, arguing the exit order rendered the appeal moot.

## B. The Exit Order

At the January 5, 2022, section 364 hearing, the juvenile court vacated the detriment finding as to Mother's

visits with M.V. and ordered monitored visitation for Mother. The hearing was continued to February 4, 2022, at Mother's request, so that she could contest the Department's then recommendation for an exit order giving Father sole physical and legal custody with no visitation for Mother. Following the hearing, the Department indicated in a new report that it would be beneficial for Mother and M.V. to have visits, so the Department then recommended that jurisdiction be terminated with an order giving joint legal custody to Mother and Father, sole physical custody to Father, and monitored visitation for Mother.

At the February 4, 2022, hearing, Mother withdrew her opposition and submitted on the new recommendation. On February 9, 2022, the court entered the final juvenile custody order in accordance with the terms in the Department's new recommendation. The exit order states the reason for monitored visitation for Mother is that she did not make substantial progress in court-ordered programs for substance abuse treatment and counseling to address her mental health, including whether medication was required for such. Mother appealed the exit order, which was consolidated with Mother's appeal from the no visitation order.

# DISCUSSION

## A. Mother's Appeal from the No Visitation Order is Moot

Mother argues her appeal as to the juvenile court's no visitation order is not moot because the finding creates the possibility of prejudice in subsequent family law proceedings. We disagree.

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.""" (*In re D.P.* (2023) 14 Cal.5th 266, 276, quoting *Consolidated etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) "A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.]" (*In re D.P.*, *supra*, at p. 276.) In a dependency case, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.]" (*Id.* at p. 277.)

Depending on the circumstances, an order terminating juvenile court jurisdiction can render an appeal from a previous order in a dependency proceeding moot. (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163.) "However,

6

dismissal of a dependency appeal for mootness following termination of jurisdiction 'is not automatic, but "must be decided on a case-by-case basis."' [Citation.]" (*Ibid.*; see also *In re S.G.* (2021) 71 Cal.App.5th 654, 663–664 ["The termination of juvenile court jurisdiction does not categorically prevent a reviewing court from granting effective relief in all cases"].)

In this case, we can grant no effective relief. Mother seeks to reverse the juvenile court's no visitation order. However, the court has vacated the detriment finding as to Mother's visits with M.V., terminated its jurisdiction, and given Mother monitored visits. Mother's concern that future family law proceedings may be impacted by the finding is speculative, which is insufficient to avoid mootness. (*In re D.P.*, *supra*, 14 Cal.5th at p. 278.)

As to Mother's assertion that she appealed from the exit order so that her requested relief could be granted, Mother submitted on the exit order without objection. Mother, thus, forfeited any challenges to the that order. (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293 [a reviewing court ordinarily will not consider an issue not raised below], superseded by statute on other grounds as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 961–962; see also *In re Dakota H.* (2005) 132 Cal.App.4th 212, 222 [forfeiture "applies in juvenile dependency litigation and is intended to prevent a party from standing by silently until the conclusion of the proceedings"].) Additionally, Mother does not challenge the merits of the exit order in her appeal, and

7

she does not cite any authority holding that a prior appeal from a vacated detriment finding authorizes reversal of the exit order. (See, e.g., *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 ["We need not consider an argument for which no authority is furnished"]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, [we] treat the point as waived"].) Accordingly, Mother's appeal from the no visitation order is moot.[2] (See *In re S.G.*, *supra*, 71 Cal.App.5th at pp. 666–667 [to effect an actual change in visitation rights, appellate court would need to reverse the exit order terminating jurisdiction]; see also *In re Rashad D.*, *supra*, 63 Cal.App.5th at p. 164 [juvenile court had no jurisdiction to conduct further hearings, including modification of its custody order, unless reviewing court also reversed or vacated order terminating dependency].)

## B. Discretionary Review of the Moot Appeal is Not Warranted

Mother further argues we should exercise our discretion to reach the merits of Mother's appeal of the no

---

[2]    Pursuant to section 302, subdivision (d), Mother may seek modification of the final custody order in a proceeding under Family Code section 3021 if she can demonstrate "there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child." (§ 302, subd. (d).)

visitation order.  We conclude exercise of our discretionary authority to consider the moot appeal is not warranted.

"Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute. [Citation.]"  (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.)  "As a rule, courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.' [Citations.]"  (*Ibid.*)

As Mother asserts, the court in *In re C.C.*, (2009) 172 Cal.App.4th 1481, 1488–1489, exercised its discretion to consider a moot appeal from a no visitation order because it sought to address the standard for issuing such an order, but it also noted that the parent's concern that the order might possibly prejudice the parent in subsequent family law proceedings was "highly speculative."  (See also *In re D.P.*, *supra*, 14 Cal.5th at p. 282.)  In *In re D.P.*, decided after *In re C.C.*, the Supreme Court provided a non-exhaustive list of factors to be considered when deciding "whether a court should exercise discretionary review of a moot appeal." (*In re D.P.*, *supra*, at p. 286.)  First, a court deciding whether to exercise discretionary review may consider "whether the challenged jurisdiction finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or '"could have other consequences for [the appellant] beyond jurisdiction."'"  (*Id.* at p. 285.)

Second, the exercise of discretionary review "may also be informed by whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285–286.) Third, a court may consider whether the case became moot due to prompt compliance by parents with their case plan. (*Id.* at p. 286.) "[N]o single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal." (*Ibid.*)

As to the first factor, Mother does not explain how the vacated detriment finding would be prejudicial or potentially impact future dependency proceedings, nor does she identify any adverse consequences she could suffer. Furthermore, Mother will be able to explain in any future family law proceeding that the juvenile court vacated its detriment finding, reflecting the judgment that Mother did not pose a continuing risk of detriment to M.V. As to the second factor, the challenged finding was based on Mother's mental health and alcohol issues. While these issues are serious, we do not consider them so egregious as to merit review in this case. (See *In re D.P., supra,* 14 Cal.5th at p. 286.) Notably, in her appeal from the exit order, Mother does not challenge the finding that monitored visitation was appropriate because Mother did not make substantial progress in court ordered programs to address her mental health and alcohol issues. As to the third factor, Mother does not contend that this is a case that became moot due to prompt compliance with her case plan.

10

No other factor supports reaching the merits. Mother's appeal is fact-specific as to the findings against her, and she does not argue that there may be a recurrence of the issues between the parties or that a material question remains. While Mother asserts that the case involves issues of broad public interest because there are inconsistencies in the law concerning the making and reviewing of detriment findings sufficient to suspend visits, Mother also submits that it is not necessary to clarify the law in order to decide her appeal. Further, Mother did not sufficiently brief these issues or support them with argument. (Cal. Rules of Court, rule 8.204, subd. (a)(1)(B); see also *Badie v. Bank of America*, *supra*, 67 Cal.App.4th at 784–785.)

## C. Mother Provides No Basis for Reversing the Exit Order

To the extent Mother seeks reversal of the exit order, as stated above, Mother has forfeited any claims that the order was erroneous. Mother neither argues that the exit order was not in M.V.'s best interest, nor that the juvenile court abused its discretion by awarding sole physical custody to Father and giving Mother monitored visitation. (See *In re John W.* (1996) 41 Cal.App.4th 961, 965 [when making an exit order "it is the best interests of the child, in the context of the peculiar facts of the case before the court, which are paramount"]; see also *In re C.W.* (2019) 33 Cal.App.5th 835, 863 [juvenile court's decision to terminate jurisdiction and

11

issue accompanying exit order reviewed for abuse of discretion].)

## **DISPOSITION**

The portion of the appeal challenging the no visitation order is dismissed as moot. The portion of the appeal challenging the exit order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

Mori, J.

We concur:


CURREY, P. J.


ZUKIN, J.