Filed 3/5/25  P. v. Huynh CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN NGOC HUYNH,<br><br>    Defendant and Appellant. | H052275<br>(Santa Clara County<br>Super. Ct. No. CC089248) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion under California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant John Ngoc Huynh was convicted by jury of three counts of home invasion robbery in concert (Pen. Code, § 213, subd. (a)(1)(A)); unspecified statutory references are to the Penal Code) and three counts of false imprisonment (§§ 236, 237) in 2002.  The jury also found true special allegations that defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)), and found true various firearm special allegations including that defendant personally discharged a firearm (§ 12022.53, subd. (c)).  In 2017, defendant was resentenced to 15 years to life in prison (§ 186.22, subd. (b)(4)(B)), consecutive to a 20-year firearm enhancement (§ 12022.53, subd. (c)).  All other sentencing enhancements were stayed.

Representing himself, defendant filed a "Motion for Relief Due to Discrimination" under the California Racial Justice Act of 2020 (Racial Justice Act) (§ 745)[1] in 2023. The motion states in part: "Current gang enhancement statutes criminalize entire neighborhoods historically impacted by poverty, racial inequality, and mass incarceration as they punish people based on their cultural identity, who they know, and where they live. Of course this is wrong. The gang enhancement statute is applied inconsistently against people of color, creating a racial disparity. The current statute also disproportionately impacts communities of color, making the statute one of the largest disparate racial impact statutes that imposes criminal punishments." Defendant attached an abstract of judgment to his motion. He asked the trial court to take judicial notice of documents in the appellate record and the court file, requested discovery of various other documents, and requested that the "gang enhancement" be stricken. The trial court denied the motion, noting that it was premature because the Racial Justice Act did not yet apply to noncapital cases and that an appeal relating to defendant's sentence was pending at that time in this court. (That appeal was later dismissed as taken from a nonappealable order.)

Still self-represented, defendant filed another motion for relief under the Racial Justice Act in 2024. (The motion also raised defendant's "Youth Offender Status pursuant to PC § 1170(d)(1) and or (d)(2).") Defendant again attached an abstract of judgment, as well as additional documents including the order denying his 2023 motion; the docket for his dismissed appeal; an article about gang enhancements; the text of section 745; and the text of two bills amending other provisions of the Penal Code. He asked that counsel be appointed and that he be resentenced. The trial court noted that the

---

[1] The Racial Justice Act provides that "[t]he state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin." (§ 745, subd. (a).) The Act provides for both prospective application and post-conviction relief. (§ 745, subd. (b).)

motion included no factual allegations and appeared to be intended as a supplement to the 2023 motion that had already been denied. Considering the motion in that light, the court denied it and stated, in part: "Petitioner does not state the racial, ethnic, or national origin group or groups he is a member of nor does he state any facts showing charging or sentencing disparities based on race, ethnicity, or national origin or any facts showing bias or animus on the part of a judge, an attorney, a law enforcement officer, an expert witness, or a juror in his case."

Defendant challenges the order denying his 2024 motion. Following a timely notice of appeal, counsel filed an opening brief summarizing the case but raising no issues. We notified defendant that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232 (*Delgadillo*).) Defendant has filed a timely supplemental brief.

In his supplemental brief, defendant makes new arguments that do not appear in either of his trial court motions and that are based largely on new factual allegations without record support. He states that he "identifies as a non-white, Person of Color, ethnic minority, Asian, Vietnamese-American, who resides in East San Jose, a historically segregated neighborhood in Santa Clara County." He further notes legislative findings regarding the discriminatory enforcement of gang laws and "contends that if he were a white person in Santa Clara County, there is a 'substantial likelihood' that he would have not been charged with the gang enhancement because there are no white people sentenced to prison for a gang enhancement in Santa Clara County."

As factual support for his contention, defendant cites an article that includes the following passage: "In Santa Clara County, only 3 people out of 229 convictions were classified as White. A cursory glance at these 3 individuals show that all have Hispanic last names and are alleged to be connected to a Hispanic gang. In 34 years of gang enhancements' existence, not one White person in Santa Clara County was convicted of a

3

gang offense according to CDCR." Although the article was attached to defendant's 2024 motion, the motion itself did not discuss the article or its relevance to defendant's Racial Justice Act claim. Nor did the motion allege facts relating to discriminatory enforcement of gang laws in defendant's case or in Santa Clara County generally.

Defendant asserts for the first time on appeal that in Santa Clara County, "there are more white gang members[] than Asian gang members" and "white people committed more robberies than Asians, but none of the white gang members were convicted of a gang enhancement." He also asserts for the first time that he was charged with a more serious offense than white men of similar ages who engaged in similar conduct. He bases those assertions on documents he has attached to his supplemental brief, but which were not attached to his trial court motions and are therefore not part of the record for our review. Here again, he did not make these factual allegations in the trial court.

As the trial court noted in its order denying defendant's 2024 motion, "a defendant seeking relief under the Racial Justice Act must state fully and with particularity the facts on which relief is sought, and include copies of reasonably available documentary evidence supporting the claim." (*Finley v. Superior Court* (2023) 95 Cal.App.5th 12, 23.) The trial court correctly determined that defendant's motion did not satisfy that standard, and defendant did not state a prima facie case for relief. (See § 745, subds. (c), (h)(2).) Because the more specific arguments defendant now makes in his supplemental brief were not presented to the trial court, the arguments are forfeited. (See *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591–592 ["arguments raised for the first time on appeal are generally deemed forfeited"]; *In re S.B.* (2004) 32 Cal.4th 1287, 1293 ["The purpose of this [forfeiture] rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected"].) Although we acknowledge that we retain discretion to consider even forfeited arguments in this appeal, we decline to do so because they rely on evidence that was not presented to the trial court and is not part of the record on appeal.

As defendant raises no arguable appellate issue in his supplemental brief, we will affirm the order denying his motion.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)

## DISPOSITION

The order is affirmed.

5

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Danner, J.

_____

Lie, J.

H052275
*The People v. Huynh*